**SPO**
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
LATISHA ROBINSON, ESQ.
Nevada Bar No. 15314
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
P: (702) 938-1510
F: (702) 938-1511
E: rphillips@psalaw.net
    mwessel@psalaw.net
    lrobinson@psalaw.net

*Attorneys for Defendant*
*Walmart Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LISA FRIEDMAN, individually,<br><br>                              Plaintiff,<br><br>vs.<br><br>WALMART INC., a Delaware corporation;<br>DOES I-V; and ROE CORPORATIONS I-V,<br>inclusive,<br><br>                              Defendants. | Case No.:    2:21-cv-01552-JCM-EJY<br><br>**STIPULATED PROTECTIVE ORDER**<br>**BETWEEN PLAINTIFF LISA**<br>**FRIEDMAN AND DEFENDANT**<br>**WALMART INC.** |

        The parties to this action, Defendant WALMART INC. (hereafter "Walmart" or "Defendant")
and Plaintiff LISA FRIEDMAN ("Plaintiff") (collectively, the "Parties"), by their respective counsel,
hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

        1.        The Protective Order shall be entered pursuant to ***the Federal Rules of Civil Procedure.***

        2.        The Protective Order shall govern all materials deemed to be "Confidential Information."
Such Confidential Information shall include the following:

                (a)        Any and all documents referring or related to confidential and proprietary human

                          resources or business information; financial records of the parties; compensation

1    of Defendant's current or former personnel; policies, procedures and/or training

2    materials of Defendant and/or Defendant's organizational structure;

3    (b)    Any documents from the personnel, medical or workers' compensation file of

4    any current or former employee or contractor;

5

6    (c)    Any documents relating to the medical and/or health information of any of

7    Defendant's current or former employees or contractors;

8    (d)    Any portions of depositions (audio or video) where Confidential Information is

9    disclosed or used as exhibits.

10    3.    In the case of documents and the information contained therein, designation of

11    Confidential Information produced shall be made by (1) identifying said documents as confidential in

12    Defendant's FRCP 26(a) disclosures and any supplements made thereto; (2) placing the following

13    legend on the face of the document and each page so designated "CONFIDENTIAL;" or (3) otherwise

14    expressly identified as confidential via written correspondence. Defendant will use its best efforts to

15    limit the number of documents designated Confidential.

16    4.    Confidential Information shall be held in confidence by each qualified recipient to whom

17    it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose,

18    and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential

19    Information shall be carefully maintained so as to preclude access by persons who are not qualified

20    recipients.

21    5.    Qualified recipients shall include only the following:

22    (a)    In-house counsel and law firms for each party and the secretarial, clerical and

23    paralegal staff of each;

24    (b)    Deposition notaries and staff;

25    (c)    Persons other than legal counsel who have been retained or specially employed

26    by a party as an expert witness for purposes of this lawsuit or to perform

27    investigative work or fact research;

28    (d)    Deponents during the course of their depositions or potential witnesses of this

1         case; and

2         (e)     The parties to this litigation, their officers and professional employees.

3     6.     Each counsel shall be responsible for providing notice of the Protective Order and the
4 terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of
5 the Protective Order.

6     Persons to whom confidential information is shown shall be informed of the terms of this Order
7 and advised that its breach may be punished or sanctioned as contempt of the Court.  Such deponents
8 may be shown Confidential materials during their deposition but shall not be permitted to keep copies
9 of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential
10 Information.

11     If either party objects to the claims that information should be deemed Confidential, that party's
12 counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential
13 materials that the information should not be so deemed, and the parties shall attempt first to dispose of
14 such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute,
15 they may present a motion to the Court objecting to such status.  The information shall continue to have
16 Confidential status during the pendency of any such motion.  The party asserting the label of
17 "Confidential" shall bear the burden of showing the same within said motion to show why said
18 document is entitled to such protection.

19     7.     No copies of Confidential Information shall be made except by or on behalf of attorneys
20 of record, in-house counsel or the parties in this action.  Any person making copies of such information
21 shall maintain all copies within their possession or the possession of those entitled to access to such
22 information under the Protective Order.

23     8.     Any party that inadvertently discloses or produces in this action a document or
24 information that it considers privileged or otherwise protected from discovery, in whole or in part, shall
25 not be deemed to have waived any applicable privilege or protection by reason of such disclosure or
26 production if, within 14 days of discovering that such document or information has been disclosed or
27 produced, the producing party gives written notice to the receiving party identifying the document or
28 information in question, the asserted privileges or protection, and the grounds there for, with a request

1  that all copies of the document or information be returned or destroyed. <u>The receiving party shall return</u>

2  <u>or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement</u>

3  <u>documents.</u> The dispute resolution process in paragraph 6 shall apply to this paragraph 8.

4       9.       The termination of this action shall not relieve the parties and persons obligated

5  hereunder from their responsibility to maintain the confidentiality of information designated

6  confidential pursuant to this Order.

7       10.     Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party

8  receiving Confidential Information shall destroy all Confidential Material, including all copies and

9  reproductions thereof, to counsel for the designating party.

10       11.     Nothing in this Order shall be construed as an admission to the relevance, authenticity,

11  foundation or admissibility of any document, material, transcript or other information.

12       12.     Nothing in the Protective Order shall be deemed to preclude any party from seeking and

13  obtaining, on an appropriate showing, a modification of this Order.

14

15  DATED this 7 day of September 2021.     DATED this 9th day of September 2021.

16  **ER INJURY ATTORNEYS**     **PHILLIPS, SPALLAS & ANGSTADT, LLC**

17  _____   _____

18  JUSTIN G. RANDALL, ESQ.     ROBERT K. PHILLIPS, ESQ.
    Nevada Bar No. 12476        Nevada Bar No. 11441

19  4765 South Durango Drive     MEGAN E. WESSEL, ESQ.
    Las Vegas, NV 89147        Nevada Bar No. 14131

20                      LATISHA ROBINSON, ESQ.

21  *Attorneys for Plaintiff*      Nevada Bar No. 15314
   *Lisa Friedman*         504 South Ninth Street

22                      Las Vegas, Nevada 89101

23                      *Attorneys for Defendant*

24                      *Walmart Inc.*

25

26

27

28

- 4 -

1  **Case Name:    Lisa Friedman vs. Walmart Inc.**
**Case No.:    2:21-cv-01552-JCM-EJY**

2  <u>**ORDER**</u>

3      The terms of the above stipulation for a protective order by and between Defendant Walmart

4  Inc., and Plaintiff Lisa Friedman by their respective counsel, shall hereby be the ORDER of this Court.

5

6      DATED this <u>9th</u> day of <u>September</u>, 2021.

7

8

UNITED STATES MAGISTRATE JUDGE

- 5 -