UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LISA FRIEDMAN,<br><br>     Plaintiff(s),<br><br>  v.<br><br>WALMART, INC.,<br><br>     Defendant(s). | Case No. 2:21-CV-1552 JCM (EJY)<br><br>ORDER |

  Presently before the court is defendant Walmart Inc.'s ("Walmart") motion for summary judgment. (ECF No. 27). Plaintiff Lisa Friedman ("Friedman") filed a response (ECF No. 28), to which Walmart replied. (ECF No. 29).

**I. Background**

  This action arises out of a slip and fall incident that took place at Walmart Supercenter #2884, located at 8060 W Tropical Pkwy, Las Vegas, NV. (ECF No. 27).

  The following facts are undisputed. On September 9, 2019, Friedman was at the Walmart Supercenter with her son and mother. (ECF No. 27-2). While shopping, plaintiff's young 3-year-old son ran off, forcing her to chase after him. (*Id.*). As plaintiff reached for her son's hand, she fell on her tailbone. (*Id.*). Plaintiff's son did not fall. (*Id.*). Photos taken of the aisle where plaintiff fell immediately after the incident depict a dry floor. (ECF No. 27-4).

  Walmart contends that plaintiff reached for her son's hand, lost her balance, and fell. (ECF No. 27). Plaintiff contends she fell due to the presence of liquid on the floor. (ECF No. 28). However, the Walmart associates that responded to the incident all reported that there was no liquid on the floor. (ECF No. 27). Further, the witness statements taken at the time of the

**James C. Mahan**
**U.S. District Judge**

incident confirm there was nothing on the floor. (*Id.*). However, plaintiff contends that the liquid was mopped up just after she fell. (ECF No. 28).

Further, plaintiff contends that there was an employee in the same aisle where she fell prior to her fall. (ECF No. 28). Plaintiff also argues that she was simply parenting her child, and it was a liquid on Walmart's floor that caused her fall, not the fact of her chasing her child. (*Id.*).

On July 19, 2021, Friedman initiated this action in state court by filing a complaint against Walmart. (ECF No. 1-1). Plaintiff asserted negligence against Walmart, based on a theory of premises liability. On August 23, 2021, defendant filed a notice of removal. (ECF No. 1). Walmart now moves for summary judgment against all of plaintiff's claims. (ECF No. 27).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1       By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

      If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

      In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

      At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See Id.* at 249–50.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

"It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't*, LLC, 180 P.3d 1172, 1175 (Nev. 2008)).

A business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). There are two scenarios when this duty is triggered. The first—where there are "structural, permanent or continuing defect[s]" on the property—imposes a general duty of care on the owner of the property. *Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962). The second circumstance is where there is a temporary hazardous condition on the property. *Id.*; *see also Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (Nev. 1964) ("The presence of a foreign substance on a floor generally is not compatible with the standard of ordinary care."). The owner's duty regarding a temporary hazard varies depending on the condition's cause. *Eldorado Club*, 377 P.2d at 176. If an agent or employee of the defendant causes the temporary hazardous condition, then "liability may be found upon ordinary agency principles; respondent superior is applicable, and notice is imputed to the defendant." *Id.* at 175.

Walmart argues that the court should grant summary judgment because plaintiff has not provided any evidence showing that liquid was present on the floor. (ECF No. 27). Further, Walmart argues that the plaintiff cannot establish Walmart had notice of any alleged substance on the floor. (*Id.*). Lastly, Walmart states that the plaintiff admitted that her fall was the fault of her own as she was chasing her young child. (*Id.*).

When a plaintiff's negligence claim is based on premises liability, the plaintiff must prove that the defendant owned or had control of the premises, knew or should have known of a dangerous condition that could cause injury, and failed to take adequate steps to prevent such injury from occurring. *Foster v. Costco Wholesale Corp.*, 291 P.3d 150 (Nev. 2012). While a property owner or occupant is not required to act as an insurer of safety for visitors, a business

has "a duty to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322.

When the dangerous condition is not caused by the business that owns or controls the premises, "liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *Id*. If a plaintiff does not have evidence that the defendant or its agent caused the dangerous condition or had actual notice of such condition, then the plaintiff must offer proof that the business had constructive notice of the dangerous condition. *Id.*

Ordinarily the question of whether a defendant had constructive notice is usually a question of fact for the jury. However, to survive a motion for summary judgment, a plaintiff seeking to impose liability under a constructive notice theory in Nevada "is required to offer proof" that the owner "had constructive notice of the hazardous condition" in its store. *Rios v. Dollar Gen. Mkt. & Dolgen Midwes, LLC*, No. 2:15-cv-02056-JAD-VCF, 2017 WL 3749495, at *2 (D. Nev. Aug. 29, 2017) (citing *Sprague*, 849 P.2d at 323).

The non-moving party "is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture." *Wood v. Safeway*, 121 P.3d 1026, 1029 (Nev. 2005). Rather, the non-moving party must demonstrate specific facts as opposed to general allegations and conclusions. *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002); *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996). Although inference are to be drawn in favor of the non-moving party, the opponent must show that it can produce evidence at trial to support its claim. *Van Cleave v. Kietz-Mill Minit Mart*, 633 P.2d 1220, 1222 (Nev. 1981).

"Evidence must be concrete and cannot rely on 'mere speculation, conjecture, or fantasy.'" *Derzaph v. Wynn Las Vegas, LLC*, No. 2:14-cv-01010-KJD-CWH, 2017 WL 841279, at *2 (D. Nev. Mar. 1, 2017). A "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Id.* "Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact precluding summary judgment." *Derzaph*, 2017 WL 841279, at *2 (D. Nev. Mar. 1, 2017).

**James C. Mahan**
**U.S. District Judge**

1  Walmart argues that the Friedman's negligence claim fails because Friedman cannot establish that Walmart had any notice of the dangerous condition.  Walmart further asserts that even if plaintiff's contention is correct that there was liquid present on the floor, plaintiff has not shown any evidence to support constructive notice.  Plaintiff argues that there was an employee in the same aisle where she fell prior to her fall, and that a jury could find that the employee should have seen the spill prior to plaintiff falling.  However, there is no evidence of any alleged "spill" or "liquid."   Furthermore, Walmart employees have stated that they saw no liquid or wetness on the floor or plaintiff's dress.

Friedman has testified that there was liquid on the ground that was cleaned up before photos were taken.  (ECF No. 28-2).  However, courts have made it clear that uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact precluding summary judgment.  *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002); *Kennedy v. Applause, Inc*., 90 F.3d 1477, 1481 (9th Cir. 1996).

Friedman also testified that she is unaware of the source of her alleged liquid.  (ECF No. 27-2 at 40).  Further, there is no evidence to corroborate plaintiff's testimony.  Plaintiff's self-serving evidence lacks the detail necessary to create a genuine issue of material fact.  *See Smith,* 2015 WL 4162481, at *2.  Walmart associate Sean stated, "she is telling me her dress is all wet, but I don't see any wet spots on her.  She was wearing a purple dress, so you could see if it was wet or not.  I didn't see any wet spots on the floor either."  (ECF No. 27-4 at 7).  Additionally, Walmart associate Peter stated, "I did not see any liquid on the floor at the time of her accident… I didn't notice the back of the dress being wet or water or anything smeared."  (*Id*. at 6).  Plaintiff provides no evidence beyond self-serving testimony that there was liquid on the ground.  Contemporaneous testimony indicates there was no liquid.  (ECF No. 27-4).  Thus, there is no genuine dispute of material fact.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1        Discovery has closed.  There is no evidence that Walmart caused the dangerous
2 condition.  There is no evidence that Walmart had actual or constructive knowledge of any
3 dangerous condition.  Plaintiff testified that she is unaware of how long the alleged liquid was
4 present on the floor.  (ECF No. 27-2 at 40).
5        Friedman has not presented any evidence to support a finding that Walmart created the
6 condition or had actual knowledge of the condition prior to Friedman's incident.  Plaintiff has
7 failed to meet her burden and demonstrate that she slipped on a virtually continuous dangerous
8 condition, as she has no evidence regarding the source, duration, or frequency of the allegedly
9 dangerous condition.  *See Rios*, 2017 WL 3749495.
10        Since constructive notice may be imputed only upon a showing of a "virtually continual
11 condition," and plaintiff has failed to offer evidence supporting such, plaintiff's claims fail as a
12 matter of law.  Therefore, there is no genuine dispute of material fact.  Plaintiff's claims fail, and
13 summary judgment is appropriate.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Walmart's motion for summary judgment (ECF No. 27) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment and close the case.

DATED February 13, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**