UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LISA FRIEDMAN,<br><br>　　　　　Plaintiff(s),<br>　　v.<br>WALMART, INC.,<br><br>　　　　　Defendant(s). | Case No. 2:21-CV-1552 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Walmart Inc.'s motion for attorney fees and costs. (ECF No. 32). Plaintiff Lisa Friedman has not filed a response, and the time to do so has now passed.

**I.   Background**

This action arises out of slip and fall incident at one of defendant's Las Vegas stores. As she was shopping, plaintiff fell while chasing after her three-year-old son—allegedly due to an unidentified liquid on the floor. She sued defendant for negligence based on a theory of premises liability.

Following discovery, defendants moved for summary judgment on all claims. (ECF No. 27). On February 13, 2023, this court granted that motion as to all claims, and entered judgment in favor of defendant. (ECF Nos. 30–31). Defendant now moves for an award of attorney fees. (ECF No. 32).

**II.   Legal Standard**

Under the "American rule," litigants generally must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197

**James C. Mahan**
**U.S. District Judge**

1 F.3d 1276, 1280–81 (9th Cir. 1999).  Nonetheless, the decision to award attorneys' fees is left to
2 the sound discretion of the district court.  *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d
3 69, 73 (Nev. 1994).

4     "In an action involving state law claims, we apply the law of the forum state to determine
5 whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or
6 procedural rule."  *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*,
7 421 U.S. at 259 n.31.  Under Nevada law, attorneys' fees are available only when "authorized by
8 rule, statute, or contract."  *Flamingo Realty*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.
9 Although state law governs whether a party is entitled to attorneys' fees, federal law dictates the
10 procedure for requesting attorneys' fees.  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007);
11 *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a
12 procedure to request attorneys' fees, not a right to recover attorneys' fees).

13 **III.     Discussion**

14     While plaintiff has failed to respond to the motion, that failure to respond does not
15 constitute a consent to its granting since the underlying motion is for attorney fees.  *See* LR 7-2(d)
16 ("The failure of an opposing party to file points and authorities in response to any motion, except
17 a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the
18 granting of the motion.").

19     Defendant requests $9,905.50 in fees and $4,128.20 in costs.  Because defendant has failed
20 to identify any basis under Nevada law for an award of attorney's fees and has not filed a bill of
21 costs with the clerk, its motion is DENIED.

22     Nowhere in the motion does defendant provide a statute, rule, or contract entitling it to
23 attorney fees as required by Nevada law and the Federal Rules of Civil Procedure.  It provides a
24 block quote of Federal Rule of Civil Procedure 54 and a citation to Local Rule 54-1—both of
25 which set out the procedure for requesting attorney fees—but it fails to identify anything entitling
26 it to that award of fees in the first place.

27     As quoted in defendant's motion, Federal Rule of Civil Procedure 54 requires a motion for
28 attorney fees to "specify the judgment and the statue, rule, or other grounds entitling the movant

**James C. Mahan**
**U.S. District Judge**

1 to the aware [sic]." (ECF No. 32 at 5) (quoting Fed R. Civ. Pro 54(d)(2)(B)(ii)).  Thus, regardless of whether there is a basis for attorney fees or not, defendant's motion fails to meet the procedural requirements for an award of attorney fees.  Without identifying the basis for the award, it cannot rightfully claim its entitlement to fees, and its motion is DENIED.

Likewise, defendant's request for costs is procedurally defective.  Local Rule 54-1 requires the prevailing party to "file and serve a bill of costs and disbursements *on the form provided by the clerk* no later than 14 days after the date of entry of the judgment or decree."  LR 54-1 (emphasis added).  Defendant's bill of cost was not filed on the correct form and was included as a request in its motion.  It conflates taxable costs (which must be filed with the clerk) and non-taxable costs (which may be filed as part of a motion for fees).  *See* Fed. R. Civ. Pro. 54(d)(1); 28 U.S.C. § 1920; *Moore v. Mountain Run Sols., LLC*, No. 2:22-cv-00586-APG-VCF, 2022 WL 6198242, at *2 (D. Nev. Oct. 6, 2022).  Thus, this court DENIES the request in its current form.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for attorney fees and costs (ECF No. 32) be, and the same hereby is, DENIED, without prejudice.

DATED March 15, 2023.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**